988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilford Frank MONTGOMERY, Defendant-Appellant.
 No. 92-10317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 18, 1993.
 
 Appeal from the United States District Court for the Eastern District of California; No. CR-90-00091-02-OW, Oliver W. Wanger, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wilford Frank Montgomery appeals his conviction, following a jury trial, for making a false statement to the government in violation of 18 U.S.C. § 1001. Montgomery argues that the district court erred by excluding evidence regarding his knowledge of the capacity in which he made the statement. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the district court's decisions regarding the relevancy of evidence for abuse of discretion. United States v. Oren, 893 F.2d 1057, 1060 (9th Cir.1990).
 
 
 4
 Here, the National Aeronautics and Space Administration ("NASA") requested bids for a construction contract. Contractors were required to submit performance and payment bonds guaranteed by a surety as part of their bids. Montgomery signed an Affidavit of Individual Surety ("AIS") which stated that his net worth was $44,973,500.00. A bonding company submitted the AIS to NASA to induce NASA to accept Montgomery as surety for a contractor's bonds. Subsequently, the contractor defaulted on the NASA contract and it was discovered that Montgomery falsely stated his net worth.
 
 
 5
 At trial, Montgomery sought to introduce evidence that he believed that the bonding company would use the AIS to obtain a loan in order to purchase his assets rather than submit it to NASA to induce NASA to accept him as surety. The district court excluded all such evidence, finding that it was irrelevant because no mental state was required with respect to capacity in order to establish a violation of section 1001.[1]
 
 
 6
 Montgomery contends that the district court erred by excluding evidence regarding his knowledge of the capacity in which he signed the AIS because such evidence was relevant to the materiality of his false statement. We disagree.
 
 
 7
 The government need not prove that a defendant had actual knowledge that his false statement would be submitted to a federal agency in order to establish a violation of section 1001. Oren, 893 F.2d at 1065; see also United States v. Yermian, 468 U.S. 63, 74-75 (1984) (stating that in enacting section 1001 Congress exercised its "power to impose criminal sanctions for deliberately false statements submitted to a federal agency, regardless of whether the person who made such statements actually knew that they were being submitted to the Federal Government").
 
 
 8
 Here, the government was not required to prove that Montgomery knew that his statement would be submitted to NASA. See Yermian, 468 U.S. at 74-75; Oren, 893 F.2d at 1057. Accordingly, the district court did not err by excluding such evidence as irrelevant.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Montgomery contends that the district court also excluded the evidence on the ground that it would violate the parol evidence rule. Based on our review of the record, we conclude that the district court did not exclude the evidence on this ground
 
 
 [2]
 Montgomery also argues that the district court erred by failing to instruct the jury that knowledge of the capacity in which he signed the AIS was required in order to establish a violation of 18 U.S.C. § 1001. Based on our holding, we reject this argument. See Oren, 893 F.2d at 1065 (rejecting identical argument)